IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| BARROW COUNTY ASSET HOLDINGS, LLC, *as successor by virtue of assignment from* THE PEOPLES BANK,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY HOLDINGS, LLC, WOODLAND POINTE DEVELOPMENT, LLC, REGAL HOLDINGS, LLC, RIDGEVIEW PARTNERS, LLC, LUDGER W. LANTHIER JR., WILLIAM T. DUNAHOO A/K/A W. T. DUNAHOO, WILLIAM G. BRANTLEY, JR., CORNERSTONE EQUITY GROUP, LLC, THOMAS W. LIMBACH,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION FILE NO.<br><br>2:10-cv-235-WCO |

## SUIT ON NOTE AND GUARANTIES

COMES NOW BARROW COUNTY ASSET HOLDINGS, LLC, *as successor by virtue of assignment from* THE PEOPLES BANK, Plaintiff in the above-styled action and files this Suit on Note and Guaranties showing this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Barrow County Asset Holdings, LLC ("BCAH") is an Alabama limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business located in Tuscaloosa, Alabama.

2.

Defendant Liberty Holdings, LLC ("Liberty") is a limited liability company organized and existing under the laws of the State of Georgia and is subject to jurisdiction and venue in this Court. Defendant Liberty may be served by serving its registered agent, William T. Dunahoo with a copy of BCAH's Summons and Suit on Note and Guaranties at 302 West May Street, Winder, Barrow County, Georgia 30680.

3.

Defendant Woodland Pointe Development, LLC ("Woodland") is a limited liability company organized and existing under the laws of the State of Georgia and is subject to jurisdiction and venue in this Court. Defendant Woodland may be served by serving its registered agent, William T. Dunahoo with a copy of BCAH's Summons and Suit on Note and Guaranties at 302 West May Street, Winder, Barrow County, Georgia 30680.

4.

Defendant Regal Holdings, LLC ("Regal") is a limited liability company organized and existing under the laws of the State of Georgia and is subject to jurisdiction and venue in this Court. Defendant Regal may be served by serving its registered agent, William T. Dunahoo with a copy of BCAH's Summons and Suit on Note and Guaranties at 302 West May Street, Winder, Barrow County, Georgia 30680.

5.

Defendant Ridgeview Partners, LLC ("Ridgeview") is a limited liability company organized and existing under the laws of the State of Georgia and is subject to jurisdiction and venue in this Court. Defendant Ridgeview may be served by serving its registered agent, William T. Dunahoo with a copy of BCAH's Summons and Suit on Note and Guaranties at 302 West May Street, Winder, Barrow County, Georgia 30680.

6.

Defendant Ludger W. Lanthier Jr. is an individual resident of Georgia and is subject to jurisdiction and venue in this Court. Defendant Lanthier may be served with a copy of the Summons and Suit on Note and Guaranties at 1536 Austin Road, Winder, Barrow County, Georgia 30680.

7.

Defendant William T. Dunahoo a/k/a W. T. Dunahoo is an individual resident of Georgia and is subject to jurisdiction and venue in this Court. Defendant Dunahoo may be served with a copy of the Summons and Suit on Note and Guaranties at 302 West May Street, Winder, Barrow County, Georgia 30680.

8.

Defendant William G. Brantley, Jr. is an individual resident of Georgia and is subject to jurisdiction and venue in this Court. Defendant Brantley may be served with a copy of the Summons and Suit on Note and Guaranties at 1494 Summer Hollow Trail, Lawrenceville, Gwinnett County, Georgia 30043.

9.

Defendant Cornerstone Equity Group, LLC ("Cornerstone") is a limited liability company organized and existing under the laws of the State of Georgia and is subject to jurisdiction and venue in this Court. Defendant Cornerstone may be served by serving its registered agent, Thomas W. Limbach at 1494 Summer Hollow Trail, Lawrenceville, Gwinnett County, Georgia 30043.

10.

Defendant Thomas W. Limbach (collectively with Woodland, Regal, Ridgeview, Lanthier, Dunahoo, Brantley, and Cornerstone the "Guarantors") is an

- 4 -

individual resident of Georgia and is subject to jurisdiction and venue in this Court. Defendant Limbach may be served with a copy of the Summons and Suit on Note and Guaranties at 1494 Summer Hollow Trail, Lawrenceville, Gwinnett County, Georgia 30043.

11.

Jurisdiction is proper pursuant to 11 U.S.C. § 1332(a)(1), because diversity exists between BCAH and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**STATEMENT OF FACTS**

12.

BCAH incorporates the allegations contained in Paragraphs 1 through 11 in their entirety as if fully set forth herein.

13.

On or about August 8, 2006, The Peoples Bank ("Peoples") loaned Defendant Liberty the principal sum of $2,221,465.04, which was evidenced by an Universal Note and Security Agreement (hereinafter "Note") executed by Defendant Liberty in favor of Peoples. Interest accrues on the unpaid balance at the rate of the Wall Street Journal Prime Rate plus one-quarter percent (0.25%), as adjusted monthly. A true and correct copy of Note is attached hereto as Exhibit "1."

14.

On or about March 31, 2006, each of the Guarantors, for the purpose of inducing Peoples to advance the funds to Defendant Liberty under the Note, executed guaranties (collectively "Guaranties") unconditionally and absolutely guarantying the payment and performance of Defendant Liberty under the Note. True and correct copies of the Guaranties are attached hereto as Exhibits "2" through "9."

15.

Pursuant to the terms of the Note, Defendants were require to, among other things, make timely monthly interest payments followed by a payment of all principal, interest and other amounts due on August 6, 2009, the date the Note matured.

16.

Peoples assigned to BCAH all of Peoples' interest in the Note and Guaranties, and all other related loan documents. A true and correct copy of the Transfer and Assignment is attached hereto as Exhibit "10."

17.

Defendants defaulted on their obligations under the Note and Guaranties, by, among other things, failing to make payment in full to BCAH upon the Note maturing.

## COUNT I
## NOTE – DEFENDANT LIBERTY

18.

BCAH incorporates the allegations contained in Paragraphs 1 through 17 in their entirety as if fully set forth herein.

19.

The Note is in default for the failure of Defendant Liberty to make payments as and when due.

20.

Accordingly, BCAH is entitled to a judgment against Defendant Liberty in the amounts outstanding on the Note.

21.

The amount outstanding on Note is the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT II
## GUARANTY – DEFENDANT WOODLAND

### 22.

BCAH incorporates the allegations contained in Paragraphs 1 through 21 in their entirety as if fully set forth herein.

### 23.

Defendant Woodland executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

### 24.

Defendant Liberty has defaulted on its obligations under the Note.

### 25.

Defendant Woodland has defaulted on its obligations under its guaranty.

### 26.

Accordingly, BCAH is entitled to recover from Defendant Woodland the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT III
## GUARANTY – DEFENDANT REGAL

### 27.

BCAH incorporates the allegations contained in Paragraphs 1 through 26 in their entirety as if fully set forth herein.

### 28.

Defendant Regal executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

### 29.

Defendant Liberty has defaulted on its obligations under the Note.

### 30.

Defendant Regal has defaulted on its obligations under its guaranty.

### 31.

Accordingly, BCAH is entitled to recover from Defendant Regal the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT IV
## GUARANTY – DEFENDANT RIDGEVIEW

32.

BCAH incorporates the allegations contained in Paragraphs 1 through 31 in their entirety as if fully set forth herein.

33.

Defendant Ridgeview executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

34.

Defendant Liberty has defaulted on its obligations under the Note.

35.

Defendant Ridgeview has defaulted on its obligations under its guaranty.

36.

Accordingly, BCAH is entitled to recover from Defendant Ridgeview the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT V
## <u>GUARANTY – DEFENDANT LANTHIER</u>

37.

BCAH incorporates the allegations contained in Paragraphs 1 through 36 in their entirety as if fully set forth herein.

38.

Defendant Lanthier executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

39.

Defendant Liberty has defaulted on its obligations under the Note.

40.

Defendant Lanthier has defaulted on its obligations under his guaranty.

41.

Accordingly, BCAH is entitled to recover from Defendant Lanthier the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

- 11 -

## COUNT VI
## <u>GUARANTY – DEFENDANT DUNAHOO</u>

### 42.

BCAH incorporates the allegations contained in Paragraphs 1 through 41 in their entirety as if fully set forth herein.

### 43.

Defendant Dunahoo executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

### 44.

Defendant Liberty has defaulted on its obligations under the Note.

### 45.

Defendant Dunahoo has defaulted on its obligations under his guaranty.

### 46.

Accordingly, BCAH is entitled to recover from Defendant Dunahoo the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT VII
## GUARANTY – DEFENDANT BRANTLEY

### 47.

BCAH incorporates the allegations contained in Paragraphs 1 through 46 in their entirety as if fully set forth herein.

### 48.

Defendant Brantley executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

### 49.

Defendant Liberty has defaulted on its obligations under the Note.

### 50.

Defendant Brantley has defaulted on its obligations under his guaranty.

### 51.

Accordingly, BCAH is entitled to recover from Defendant Brantley the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT VIII
## GUARANTY – DEFENDANT CORNERSTONE

### 52.

BCAH incorporates the allegations contained in Paragraphs 1 through 51 in their entirety as if fully set forth herein.

### 53.

Defendant Cornerstone executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

### 54.

Defendant Liberty has defaulted on its obligations under the Note.

### 55.

Defendant Cornerstone has defaulted on its obligations under its guaranty.

### 56.

Accordingly, BCAH is entitled to recover from Defendant Cornerstone the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

- 14 -

## COUNT IX
## GUARANTY – DEFENDANT LIMBACH

### 57.

BCAH incorporates the allegations contained in Paragraphs 1 through 56 in their entirety as if fully set forth herein.

### 58.

Defendant Limbach executed and delivered a guaranty, absolutely and unconditionally guarantying all of the indebtedness, obligations, and liabilities of Defendant Liberty.

### 59.

Defendant Liberty has defaulted on its obligations under the Note.

### 60.

Defendant Limbach has defaulted on its obligations under his guaranty.

### 61.

Accordingly, BCAH is entitled to recover from Defendant Limbach the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the interest rate provided in the agreement (which, as of November 10, 2010, was five percent (5%) per year), plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties.

## COUNT X
## CONTRACTUAL ATTORNEY'S FEES

62.

BCAH incorporates the allegations contained in Paragraphs 1 through 61 in their entirety as if fully set forth herein.

63.

The Note and Guaranties contain provisions relative to the payment of attorneys' fees which BCAH intends to enforce.  Pursuant to O.C.G.A. § 13-1-11, Defendants have ten (10) days from receipt of this notice in which to pay the full principal and interest without incurring additional liability for attorneys' fees.

**WHEREFORE**, BCAH prays that this Court order:

(a) that process issue according to law;

(b) that BCAH have judgment against Defendants, jointly and severally, in the principal amount of $2,221,465.04, plus contractual interest in the amount of $167,778.85 through November 10, 2010, plus interest and late fees accruing thereafter at the rates provided in the contract, plus BCAH's liquidated attorneys' fees pursuant to O.C.G.A. § 13-1-11 and the agreement between the parties, plus interest and late fees accruing thereafter, and post-judgment interest as allowable by law;

(c) that BCAH have judgment, jointly and severally, against Defendants for all costs of this action, including all costs of court; and

(d) that BCAH has such other and further relief that is just and appropriate.

RESPECTFULLY SUBMITTED this 12th day of November, 2010

                          s/Aaron M. Kappler
                          BRET T. THRASHER
                          Georgia State Bar No. 710682
                          AARON M. KAPPLER
                          Georgia State Bar No. 272533

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia  30092
(770) 925-0111
akappler@tokn.com
*Attorneys for BCAH*

- 17 -

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel certifies that the size and style of type used in the foregoing document is Times New Roman 14 point.

s/Aaron M. Kappler
AARON M. KAPPLER
Georgia State Bar No. 272533

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia  30092
(770) 925-0111
akappler@tokn.com
*Attorneys for BCAH*